UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DARRYL G. WISE, | ) | CASE NO. 4:05 CV2400 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN T.R. SNIEZEK, | ) | |
| | ) | |
| Respondent. | ) | |

On October 12, 2005, pro se petitioner Darryl G. Wise filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Wise, who is incarcerated at the Federal Correctional Institution, Federal Satellite Low (F.S.L.) in Elkton, Ohio ("F.C.I. Elkton"), names F.C.I. Elkton Warden T.R. Sniezek as respondent. Petitioner argues that the Bureau of Prisons' (BOP) interpretation of 18 U.S.C. § 3624(b) is compromising his eligibility for 54 days of good time credit for the sentence imposed by the district court.

*Background*

Mr. Wise was convicted in the United States District Court for the District of Columbia of access device fraud in violation of 18 U.S.C. § 1029(a)(2). Judge James Robertson

sentenced him to 33 months in prison on November 5, 2004.[1] After he was taken into custody by the United States Marshal, Mr. Wise was eventually transferred to F.C.I. Elkton to serve his prison term.

When Mr. Wise arrived at F.C.I. Elkton he states that he was advised he would receive a maximum of 47 days credit for each year of his incarceration. Petitioner objected to this reading of the statute and filed a BP-8, "Informal Resolution Form," on February 8, 2005. On the form, Mr. Wise complained that the IMS Office failed to demonstrate how it calculated that he was entitled to only 129 days of good credit time, while he calculated 142 days. In response, the F.C.I. Elkton Staff Member stated that he showed Mr. Wise BOP Policy Statement 5880.28 and how the BOP applied that policy to calculate his good credit time.

On March 7, 2005, Mr. Wise filed a BP-9 Form, "Request for Administrative Remedy," with attachments, to Warden T.R. Sniezek. The Warden explained that BOP policy statement 5880.28 is governed by 18 U.S.C. § 3624(b) and entitles prisoners to earn 54 days of credit for each full year served, as opposed to the number of years to which the prisoner was sentenced. In Mr. Wise's case he explained that the start date for his period of incarceration was calculated as November 23, 2004, taking into consideration any jail credit to which he was entitled. His projected release date, based on the 33 month sentence imposed by the court, is April 16, 2007. This actual period of time served, or 875 days of incarceration, is then multiplied by the Good Credit Time (GCT) formula of .148. It is on this basis that the BOP computed that Mr. Wise will earn 129 GCT days.

---

[1]The Judgment and Commitment Mr. Wise furnishes with his petition indicates that it was signed and filed by Judge Robertson on "November 10, 2004."

Mr. Wise filed an appeal with the Regional Director, who denied it on April 28, 2005. The Administrator for National Inmate Appeals, Harrell Watts, also denied Mr. Wise's subsequent appeal on June 2, 2005 based on the same reasoning relied on by the Warden and Regional Director.

In his petition before this court, Mr. Wise argues that 18 U.S.C. § 3624(b) expressly provides that a prisoner is entitled to receive up to 54 days credit at the end of each year of his term of imprisonment. He maintains, however, that under the following BOP policy (as set forth in the Code of Federal Regulations) the maximum allowable good time credit he can be awarded per year is approximately 47 days:

> (a) For inmates serving a sentence for offenses committed on or after November 1, 1987, but before September 13, 1994, the Bureau will award 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year.

28 C.F.R. § 523.20(2005). He argues that the BOP policy of calculating good time credit based on the actual time in prison, rather than the full sentence set forth by the court, is contrary to the "unambiguous intent of Congress." (Pet. at 3.) He adds that even if the statute were considered ambiguous "the BOP's interpretation is not entitled to deference because the rule of lenity must be used in construing an ambiguous penal statute. Bifulco v. United States, 447 U.S. 381, 387 (1980)." (Pet. at 3.) Mr. Wise maintains that respondent's action are depriving him of rights conferred by the statute and in violation of his rights under the Equal Protection and Due Process Clauses of the Constitution. Moreover, if he was granted his requested relief he would earn 142 days of good time credit instead of the 129 days he believes the BOP has miscalculated.

*28 U.S.C. §2241*

Claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). Therefore, Mr. Wise's petition against Warden Sniezek, his custodian at the time he filed this petition, is properly before this court.

Federal regulations have afforded prisoners administrative review of the computation of their credits, see 28 CFR §§ 542.10-542.16 (2005), and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies. See United States v. Bayless, 940 F.2d 300, 304- 305 (8th Cir. 1991); United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989); United States v. Martinez, 837 F.2d 861, 865-866 (9th Cir. 1988). It appears that Mr. Wise has properly exhausted his administrative remedies before filing his petition in this court.

*Good Conduct Credit*
*18 U.S.C. §3624*

The statute reads, in relevant part, as follows:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(b)(2005). While it is clear that credit is accrued up to 54 days per year for each year served, it appears that the petitioner has interpreted the provision, "beyond the time served" to

mean that he should receive credit based on the term of his original sentence, not just the years of the sentence he is serving. There is, however, no case law to support his interpretation.

Contrary to Mr. Wise's assertion that the statute is unambiguous, every court that has upheld the BOP's interpretation of §3624(b) (including nine Circuit Courts which thoroughly discussed the issue) decided that the language of the statute is ambiguous, but that the BOP's interpretation is reasonable. See e.g., Perez-Olivo v. Chavez, 394 F.3d at 51, 53 (1st Cir.2005 ) (plain language of statute is ambiguous, but BOP's interpretation is reasonable); O'Donald v. Johns, 402 F.3d 172, 174 (3rd Cir. 2005)(meaning of statute ambiguous, but defers to BOP's interpretation as reasonable); Yi v. Fed. Bureau of Prisons, 412 F.3d 526, 534 (4th Cir. 2005) ("term of imprisonment" in 3624 is ambiguous, and BOP has reasonably interpreted the statute); Sample v. Morrison, 406 F.3d 310, 313 (5th Cir. 2005) (if this statutory language does not "plainly" support BOP's computation method, then it is at worst ambiguous; if ambiguous, then deference to BOP's "permissible" interpretation is required)(dicta); Petty v. Stine, 424 F.3d 509, 510 (6th Cir. 2005), citing Brown v. Hemingway, 53 Fed.Appx. 338, 339 (6th Cir. 2002)(unpublished) (BOP's interpretation of statute is reasonable); White v. Scibana, 390 F.3d 997, 1002 (7th Cir. 2004) (Section 3624 is ambiguous, but defers to BOP's "reasonable interpretation" in light of the statutory language); James v. Outlaw, 126 Fed.Appx. 758, 759 (8th Cir. 2005)(unpublished) (3624(b) is ambiguous because it does not clearly indicate whether a prisoner's good time credits are based on the time served in prison or the sentence imposed); Pacheco-Camacho v. Hood, 272 F.3d 1266, 1271 (9th Cir. 2001) (meaning of statutory language "at best ambiguous" and therefore must defer to the reasonable interpretation adopted by BOP); Brown v. McFadden, 416 F.3d 1271, 1272 (11th Cir.2005) (although the plain text of 3624(b)(1) is ambiguous, BOP's interpretation is reasonable).

In the face of such an overwhelming consensus among the courts of appeal, this court rests its decision on the holding that the statute is ambiguous. Moreover, the Sixth Circuit expressly held in Petty that the BOP's interpretation of the statute is reasonable. See Petty, 424 F.3d at 510. To effectuate its interpretation of the statute, the BOP utilizes a formula for calculating GCT which takes into account the fact that an inmate's time actually served becomes incrementally shorter each year as he is awarded GCT. See White, 390 F.3d at 999-1000(explaining the BOP's formula). Therefore, since Mr. Wise is scheduled for release in 2007, his presumptive term of incarceration is 2 years and 5 months, thus entitling him to a potential of 129 days of good conduct credits.

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/Dan Aaron Polster 12/16/05
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE